Dick Harris
Law Office of Dick Harris, P.C.
P.O. Box 3835
Abilene, TX 79604
Telephone (325) 677-3311
Telecopy (325) 677-3314
Email: dharris_law_firm@swbell.net
State Bar No. 09056200

Attorney for Michael and Jennifer Moore

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-10134-13 |
| | § | |
| SHELTON ANDREW COLEMAN | § | If a timely answer is filed, a docket |
| | § | call on this Motion will be held at |
| DEBTOR | § | 11:00 a.m. on October 2, 2013 |

## MOTION FOR RELIEF FROM STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COME Michael and Jennifer Moore, hereinafter referred to as Movants, and file this Motion for Relief From Stay, and in support thereof would respectfully show the Court as follows:

1.  This is a proceeding under 11 U.S.C. §362(d) to vacate the automatic stay so as to permit foreclosure of a lien on property of the estate. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

2.  Debtor filed his Voluntary Petition under Chapter 13 on June 3, 2013 to prevent Movants from foreclosing. A Plan was confirmed by this Court on July 31, 2013.

3.  Movants are secured creditors of the above named Debtor and hold a valid Deed of Trust lien on the following described parcel of real estate owned by the Debtor (the "Property"):

**MOTION FOR RELIEF FROM STAY - Page 1 of 4**

The South 80 feet of the North 120 feet of the East 140 feet of Lot 4, Block 178, City of Abilene, Taylor County, Texas, more commonly known as 858 Plum, Abilene, Texas 79601.

4. True and correct copies of the Note owed by Debtor to Movants and the Deed of Trust securing said Note are attached hereto as Exhibits "A" and "B" and incorporated herein for all purposes.

5. The principal amount now due and owing Movants on the Note secured by said Deed of Trust is $6,057.53 accrued interest to the Petition Date is $428.37; legal fees incurred by Movants pre-petition were $750.00, for a total balance due of $7,235.90.

6. Debtor has defaulted in post-petition payments to Movant by failing to make the June, July and August post-petition payments and the amount of post-petition arrears is $1,060.59 through August, 2013. Debtor's September, 2013 post-petition payment will be due on September 9, 2013.

7. Movants believe the Property is uninsured and Debtor has failed to provide Movants with proof of any insurance.

8. According to Debtor's Schedules, there is equity of only $150.21 in the Property and Movants believe the Property is decreasing in value.

9. The Property is not necessary to an effective reorganization of the Debtor.

10. Movants are not adequately protected due to lack of payments and lack of insurance.

WHEREFORE, Movants, Michael and Jennifer Moore, pray that upon final hearing of this matter, the stay under 11 U.S.C. §362(a) be vacated as against Movants so as to permit Movants to commence foreclosure of their mortgage and for such other and further relief, at law or in equity, to which Movants may show themselves to be justly entitled.

**MOTION FOR RELIEF FROM STAY - Page 2 of 4**

Respectfully submitted,

LAW OFFICE OF DICK HARRIS, P.C.
POST OFFICE BOX 3835
ABILENE, TEXAS 79604
TELEPHONE (325) 677-3311
TELECOPY (325) 677-3314
EMAIL: dharris_law_firm@swbell.net


By: /s/ Dick Harris
    DICK HARRIS
    State Bar No. 09056200
    Attorney for Michael and Jennifer Moore


## NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 306 FEDERAL BUILDING, 1205 TEXAS AVENUE, LUBBOCK, TEXAS 79401 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 6, 2013, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.


    /s/ Dick Harris
    DICK HARRIS

## CERTIFICATE OF CONFERENCE

I do hereby certify that on the 8th day of August, 2013 I sent a letter to Monte J. White & Associates, attorney for Debtor, concerning the post-petition arrears and the above and foregoing Motion for Relief From Stay. On August 1, 2013 I received a call from a legal assistant who said they could not agree to the Motion for Relief From Stay.

/s/  Dick Harris
DICK HARRIS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Motion for Relief From Stay was sent by ECF and/or First Class Mail, postage prepaid, to Pam Chaney, attorney for Debtor, Monte J. White & Associates, 402 Cypress, #310, Abilene, TX 79601, Shelton Andrew Coleman, Debtor, 858 Plum Street, Abilene, TX 79601, United States Trustee, 1100 Commerce Street, Room 9C60, Dallas, Texas  75242, Walter O'Cheskey, Chapter 13 Trustee, 6308 Iola, Lubbock, TX 79424 and all parties requesting notice on this the 23rd day of August, 2013.

/s/  Dick Harris
DICK HARRIS

*C:\Share\WP-DIRS\MooreMichael\mns.wpd*

**MOTION FOR RELIEF FROM STAY - Page 4 of 4**

# REAL ESTATE NOTE

Date: August 1, 2011

Maker: SHELTON ANDREW COLEMAN and PEARLIE COLEMAN

Maker's Mailing Address (including County): 858 Plum Street
Abilene, Taylor County, Texas

Payee: MICHAEL MOORE and wife, JENNIFER MOORE

Place for Payment (including County): 3301 South Willis Street
Abilene, Taylor County, Texas

Principal Amount: TEN THOUSAND AND NO/100 DOLLARS ($10,000.00)

Annual Interest Rate on Unpaid Principal from Date: 10%

Annual Interest Rate on Matured, Unpaid Amounts: 12%

Terms of Payment (Principal and Interest):

This note is due and payable in monthly installments of $350.00 each, including interest, the first installment being due and payable on or before September 9, 2011, and a like installment being due and payable on or before the same day of each and every succeeding month thereafter until the full amount of principal and interest has been paid.

Security for Payment: A vendor's lien and a Deed of Trust covering the following described property:

The South 80 feet of the North 120 feet of the East 140 feet of Lot 4, Block 178, City of Abilene, Taylor County, Texas.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment, the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Payee may declare the principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protests, to the extent permitted by law.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

_____
SHELTON ANDREW COLEMAN


EXHIBIT "A"

_____
PEARLIE COLEMAN



Taylor County
Larry G Bevill
County Clerk
Abilene, Texas 79602 (325)674-1202

Instrument Number: 2011-00013265

As
Recording Fee

Recorded On: September 15, 2011

Parties: COLEMAN SHELTON ANDREW
To      MOORE MICHAEL

Billable Pages: 4
Number of Pages: 5

Comment: DT

( Parties listed above are for Clerks reference only )

** Examined and Charged as Follows: **

ecording Fee           28.00
Total Recording:       28.00

*********** DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

le Information:                                    Record and Return To:
  Document Number: 2011-00013265
  Receipt Number: 280981                           MICHAEL MOORE
  Recorded Date/Time: September 15, 2011 10:02:09A 3301 SOUTH WILLIS STREET
                                                   ABILENE TX 79605
  User / Station: I Vela - Cash Station 4



State of Texas
County of Taylor  **THIS IS NOT A BILL**

I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly
RECORDED in the OFFICIAL RECORDS of Taylor County, Texas as stamped hereon.


County Clerk
Taylor County, Texas



EXHIBIT "B"

## DEED OF TRUST

THE STATE OF TEXAS      X
                                     X    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TAYLOR     X

That **SHELTON ANDREW COLEMAN and PEARLIE COLEMAN,** of Taylor County, Texas, hereinafter called Grantors (whether one or more), for the purpose of securing the indebtedness hereinafter described, and in consideration of the sum of TEN DOLLARS ($10.00) to us in hand paid by the Trustee hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the uses, purposes and trusts hereinafter set forth, have granted, sold and conveyed, and by these presents do grant, sell and convey unto **GEORGE D. JONES,** Trustee, of Taylor County, Texas, and his substitutes or successors, all of the following described property situated in Taylor County, Texas, to-wit:

```
The South 80 feet of the North 120 feet of the East 140 feet of Lot
4, Block 178, City of Abilene, Taylor County, Texas.
```

TO HAVE AND TO HOLD the above described property, together with the rights, privileges and appurtenances thereto belonging unto the said Trustee, and to his substitutes or successors forever. And Grantors do hereby bind themselves, their heirs, executors, administrators and assigns to warrant and forever defend the said premises unto the said Trustee, his substitutes or successors and assigns forever, against the claim, or claims, of all persons claiming or to claim the same or any part thereof.

This conveyance, however, is made IN TRUST to secure payment of one promissory note of even date herewith in the principal sum of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00), executed by Grantors, payable to the order of **MICHAEL MOORE and wife, JENNIFER MOORE, 3301 South Willis Street,** in the City of Abilene, Taylor County, Texas, as follows:

```
Bearing interest at the rate of 10% per annum, said note being due and
payable in monthly installments of $350.00 each, including interest, the first
installment being due and payable on or before September 9, 2011, and a like
installment being due and payable on or before the same day of each and every
succeeding month thereafter until the full amount of principal and interest has
been paid, and providing for acceleration of maturity and for Attorney's fees.
```

Should Grantors do and perform all of the covenants and agreements herein contained, and make prompt payment of said indebtedness as the same shall become due and payable, then this conveyance shall become null and void and of no further force and effect, and shall be released at the expense of Grantors, by the holder thereof, hereinafter called Beneficiary (whether one or more).

Grantors covenant and agree as follows:

That they are lawfully seized of said property, and have the right to convey the same; that said property is free from all liens and encumbrances, except as herein provided.

To protect the title and possession of said property and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first and prior lien on said property including any improvements hereafter made a part of the realty.

To keep the improvements on said property in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

To insure and keep insured all improvements now or hereafter created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of the indebtedness hereby secured, to the extent of the original amount of the indebtedness hereby secured, or to the extent of the full insurable value of said improvements, whichever is the lesser, in such form and with such Insurance Company or Companies as may be approved by Beneficiary, and to deliver to Beneficiary the policies of such insurance having attached to said policies such mortgage indemnity clause as Beneficiary shall direct; to deliver renewals of such policies to Beneficiary at least ten (10) days before any such insurance policies shall expire; any proceeds which Beneficiary may receive under any such policy, or policies, may be applied by Beneficiary, at his option, to reduce the indebtedness hereby secured, whether then matured or to mature in the future, and in such manner as Beneficiary may elect, or Beneficiary may permit Grantors to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantors shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the prior lien of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at his option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the prior lien of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all sums paid for insurance premiums, as aforesaid, including the costs, expenses and Attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall bear interest from the dates of such payments at the rate stated in said note and shall be paid by Grantors to Beneficiary upon demand, at the same place at which said note is payable, and shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of default in the payment of any installment, principal or interest, of the note hereby secured, in accordance with the terms thereof, or of a breach of any of the covenants herein contained to be performed by Grantors, then and in any of such events Beneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of default in the payment of said indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; and after advertising the time, place and terms of the sale of the above described and conveyed property, then subject to the lien hereof, and mailing and filing notices as required by section 51.002, Texas Property Code, as then amended (successor to article 3810, Texas Revised Civil Statutes), and otherwise complying with that statute, the Trustee shall sell the above described property, then subject to the lien hereof, at public auction in accordance with such notices on the first Tuesday in any month between the hours of ten o'clock A.M. and four o'clock P.M., to the highest bidder for cash, selling all of the property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the Purchaser or Purchasers, with general warranty binding Grantors, their heirs and assigns; and out of the money arising from such sale, the Trustee acting shall pay first, all the expenses of advertising the sale and making the conveyance, including a commission of five percent (5%) to himself, which commission shall be due and owing in addition to the Attorney's fees provided for in said note, and then to Beneficiary the full amount of principal, interest, Attorney's fees and other charges due and unpaid on said note and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantors, their heirs or assigns; and the recitals in the conveyance to the Purchaser or Purchasers shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against Grantors, their heirs and assigns.

It is agreed that in the event a foreclosure hereunder should be commenced by the Trustee, or his substitute or successor, Beneficiary may at any time before the sale of said property direct the said Trustee to abandon the sale, and may then institute suit for the collection of said note, and for the foreclosure of this Deed of Trust lien; it is further agreed that if Beneficiary should institute a suit for the collection thereof, and for a foreclosure of this Deed of Trust lien, that he may at any time before the entry of a final judgment in said suit dismiss the same, and require the Trustee, his substitute or successor to sell the property in accordance with the provisions of this Deed of Trust.

Beneficiary, if he is the highest bidder, shall have the right to purchase at any sale of the property, and to have the amount for which such property is sold credited on the debt then owing.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, or a successor trustee, to act instead of the Trustee named herein without other formality than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute and successor trustee shall succeed to all of the rights and powers of the original trustee named herein.

In the event any sale is made of the above described property, or any portion thereof, under the terms of this Deed of Trust, Grantors, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchaser at such sale, and in the event of their failure to do so they shall thereupon form and after the making of such sale be and continue as tenants at will or such Purchaser, and in the event of their failure to surrender possession of said property upon demand, the Purchaser, his heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

It is agreed that the lien hereby created shall take precedence over and be a prior lien to any other lien of any character whether vendor's, materialmen's or mechanic's lien hereafter created on the above described property, and in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid.

It is further agreed that if Grantors, their heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described be taken over by a Receiver for Grantors, their heirs or assigns, the note hereinabove described shall, at the option of Beneficiary, immediately become due and payable, and the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

As further security for the payment of the hereinabove described indebtedness, Grantors hereby transfer, assign, and convey unto Beneficiary all rents issuing or to hereafter issue from said real property, and in the event of any default in the payment of said note or hereunder, Beneficiary, his agent or representative, is hereby authorized, at his option, to collect said rents, or if such property is vacant to rent the same and collect the rents, and apply the same, less the reasonable costs and expenses of collection thereof, to the payment of said indebtedness, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. The collection of said rents by Beneficiary shall not constitute a waiver of his right to accelerate the maturity of said indebtedness nor of his right to proceed with the enforcement of this Deed of Trust.

It is agreed that an extension, or extensions, may be made of the time of payment of all, or any part, of the indebtedness secured hereby, and that any part of the above described real property may be released from this lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior encumbrancer, mortgagee or purchaser, or any person acquiring an interest in the property hereby conveyed, or any part thereof; it being the intention of the parties hereto to preserve this lien on the property herein described and all improvements thereon, and that may be hereafter constructed thereon, first and superior to any liens that may be placed thereon, or that may be fixed, given or imposed by law thereon after the execution of this instrument notwithstanding any such extension of the time of payment, or the release of a portion of said property from this lien.

In the event any portion of the indebtedness hereinabove described cannot be lawfully secured by this Deed of Trust lien on said real property, it is agreed that the first payments made on said indebtedness shall be applied to the discharge of that portion of said indebtedness.

Beneficiary shall be entitled to receive any and all sums which may become payable to Grantors for the condemnation of the hereinabove described real property, or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may be awarded or become payable to Grantors for damages caused by public works or construction on or near the said property. All such sums are hereby assigned to Beneficiary, who may, after deducting therefrom all expenses actually incurred, including attorney's fees, release same to Grantors or apply the same to the reduction of the indebtedness hereby secured, whether then matured or to mature in the future, or on any money obligation hereunder, as and in such manner as Beneficiary may elect. Beneficiary shall not be, in any event or circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of, any such sums.

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the laws of the State of Texas on the principal indebtedness hereby secured or on any money obligation hereunder and in no event shall Grantors be obligated to pay interest thereon in excess of such rate.

If this Deed of Trust is executed by only one person or by a corporation the plural reference to Grantors shall be held to include the singular, and all of the covenants and agreements herein undertaken to be performed by and the rights conferred upon the respective Grantors named herein, shall be binding upon and inure to the benefit of not only said parties respectively but also their respective heirs, executors, administrators, grantees, successors and assigns.

The above described note is the same note set out in a deed of even date herewith from MICHAEL MOORE and wife, JENNIFER MOORE to Grantors. This instrument is executed as additional security for the payment of said note and not in lieu of the vendor's lien retained in such deed.

The undersigned covenant and agree to pay all taxes assessed against the property herein described prior to their becoming delinquent and to furnish

3

evidence of such payment to the holder of the note prior to February 1st of the year following the year for which such taxes were assessed.

The undersigned covenant and agree that until the note herein described is paid in full, the property described herein shall not be sold to any third party without the express written consent of the holder of such note.

EXECUTED this the 1st day of August, 2011.

_SHELTON ANDREW COLEMAN_
SHELTON ANDREW COLEMAN

_Pearlie Coleman_
PEARLIE COLEMAN

THE STATE OF TEXAS     X

COUNTY OF TAYLOR     X

This instrument was acknowledged before me on the 3rd day of August, 2011, by SHELTON ANDREW COLEMAN and PEARLIE COLEMAN.



LELA DOWNING
Notary Public, State of Texas
My Commission Exp 10-06-12

_Lela Downing_
Notary Public - State of Texas

(Printed Name of Notary)
My commission expires:_____

AFTER RECORDING RETURN TO:
MICHAEL MOORE
3301 South Willis Street
Abilene, TX 79605

PREPARED IN THE LAW OFFICE OF:
GEORGE D. JONES
P. O. Box 762
Abilene, TX 79604