

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 24, 2013**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-10134-13 |
| SHELTON ANDREW COLEMAN | § | |
| | § | Hearing: October 2, 2013 |
| DEBTOR | § | 11:00 a.m. |

### AGREED ORDER MODIFYING STAY

On this date came on to be considered the Motion for Relief From Stay filed by Michael and Jennifer Moore, Movant, and it appearing to the Court that the parties hereto have entered into an agreement for the resolution of this matter and said agreement should be approved, it is therefore

ORDERED that the automatic stay as provided in §362(a) of the Bankruptcy Code shall remain in effect, except as provided below:

1.  Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning September 9, 2013, and continue said payments thereafter pursuant to that certain Real Estate Note and Deed of Trust dated August 1, 2011 attached to Movant's Motion for Relief from Stay.

---

AGREED ORDER MODIFYING STAY - Page 1 of 4

2.    In addition to the payments set forth above, Debtor shall cure post-petition arrearages and pay attorney's fees and costs in the total amount of $1,874.40. Said total amount consists of post-petition payments for the months of June, 2013 through August, 2013 in the amount of $350.00 each; interest on past due payments of $14.15; and attorney's fees and costs in the amount of $810.25. The total amount shall be paid directly to Movant at:

> Michael and Jennifer Moore
> 3301 South Willis
> Abilene, TX 79605

in six consecutive monthly installments of $312.40 each, with the first payment being due on or before October 23, 2013, and continuing on the 23rd day of each consecutive month thereafter until paid in full. There is no grace period on additional installment payments due under this Agreed Order.

3.    Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within thirty days of the date this Order is signed by the Bankruptcy Judge.

4.    Debtor shall provide proof of insurance on the Collateral described below, on such terms as required by the Deed of Trust, within ten days of the date of this Order and shall keep the Collateral so insured throughout this Chapter 13 proceeding, with Movant shown as Loss Payee.

5.    Debtor shall pay all post-petition ad-valorem taxes on or before the due date and any pre-petition ad-valorem taxes shall be paid in full through the Debtor's Chapter 13 Plan.

6.    The payment terms of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion.

7.   Debtor's tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Order.

8.   In the event Movant does not receive the payments called for by the dates set forth in Paragraphs 1 and 2 or Debtor does not remit the payment set forth in Paragraph 3 above, or if Debtor fails to provide proof of insurance or otherwise default under the terms of the Deed of Trust or his Chapter 13 Plan, Movant shall send written notice by First Class Mail, postage prepaid, to Debtor and Debtor's counsel and allow Debtor a ten day period from the date of such written notice to cure such delinquent payment(s) or defaults.  Cure payments must be made by certified funds only and Movant may charge Debtor $25.00 for any notice given pursuant to this Order.  In the event Debtor fails to cure such delinquent payment(s) or defaults within such ten day period or in the event Debtor becomes delinquent again or default after one previous such notice of default, the automatic stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the real property (the "Collateral") described as follows:

> The South 80 feet of the North 120 feet of the East 140 feet of Lot 4, Block 178, City of Abilene, Taylor County, Texas, more commonly known as 858 Plum, Abilene, Texas 79601.

IT IS FURTHER ORDERED that Movant herein shall immediately notify the Office of the Standing Chapter 13 Trustee in the event that it forecloses its interest upon the above described collateral pursuant to the terms of this Order; and it is further

---

**AGREED ORDER MODIFYING STAY - Page 3 of 4**

ORDERED that should the Debtor's case convert to Chapter 7 or be dismissed, then the automatic stay shall terminate without further notice or action by the Court; and it is further

ORDERED that this Order shall be res judicata in connection with any future bankruptcy proceeding between these two same parties involving the Collateral and that the provisions of Bankruptcy Rule 4001(3) are waived.

_____
Monte J. White, Attorney for Shelton Andrew Coleman,
Debtor

_____
Dick Harris, Attorney for Michael and Jennifer Moore,
Movant

/s/ Marc McBeath
_____
Marc McBeath, Attorney for Walter O'Cheskey,
Chapter 13 Trustee

### # # # End of Order # # #

Prepared by:

Dick Harris
Law Office of Dick Harris, P.C.
P.O. Box 3835
Abilene, TX 79604
Telephone (325) 677-3311
Telecopy (325) 677-3314
Email: dharris_law_firm@swbell.net
State Bar No. 09056200

Attorney for Michael and Jennifer Moore

*C:\Share\WP-DIRS\MooreMichael\mns order 2.wpd*